IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00667-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| $69,480.00 IN U.S. CURRENCY | ) | |
| | ) | |
| Defendant. | ) | |

This civil forfeiture action comes before the court on the Government's motion to strike Michele Manning's claim [DE 22]. Manning has not properly verified her purported claim and thus lacks standing to contest the forfeiture. That said, the court grants her request for leave to amend. As a result, the court denies without prejudice the Government's motion to strike Manning's claim [DE 22] and Manning's motion to dismiss the Government's complaint [DE 12].

I. **Background**

The Government seeks forfeiture of $69,480.00 seized from Aaron Chanakira (the Currency) based on an alleged connection to drug trafficking. *See* DE 1 ¶¶ 4, 7 (citing 21 U.S.C. § 881(a)(6)); DE 1-1 at 5. Following Chanakira's death in a car accident, two relatives filed successive claims to the Currency. His uncle claimed to own the Currency in an earlier administrative proceeding. DE 23-1. After the Government brought the above-captioned action, Chanakira's mother Michele Manning filed a claim on behalf of her son's estate. DE 11. She then moved to dismiss the Government's complaint. DE 12. The Government responded in opposition to dismissal, DE 21, and moved to strike Manning's claim for lack of statutory standing under

Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the Supplemental Rules), DE 22.[1]

The Government argues Manning has not verified her claim as required by Supplemental Rule G(5)(a)(i)(C). *See* DE 22 at 1; DE 23 at 1, 3. Her attorney signed a document entitled "Verified Claim of Michele Manning" and served it on the Government. DE 11 at 3. This document asserts that Manning "has an ownership or possessory interest in [the Currency]" because Chanakira legally obtained the Currency from his uncle as a business investment. *See* DE 11 at 2–3. Manning also signed a statement that she "hereby makes claim to the [the Currency]" on behalf of her son's estate. DE 11 at 4. Still, she makes only one declaration under penalty of perjury in an attached "[v]erification":

> I, Michele Manning, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I am the duly appointed Administratrix of the Estate of Aaron T. J. Chanakira, and authorized to make a claim to the Defendant property on behalf of the estate and lawful heirs of Aaron T. J. Chanakira.

DE 11 at 5. Manning maintains that she complied with the Supplemental Rules, *see* DE 29 at 8, but requests leave to amend her claim if necessary, DE 29 at 8 n.5.

## II. Legal Standards

Supplemental Rule G governs forfeiture actions *in rem* arising from federal statutes. Supp. R. G(1). The Federal Rules of Civil Procedure also apply when the Supplemental Rules do not address an issue. *Id.*

### A. Asserting Claims under Supplemental Rule G(5)

Once the Government initiates a civil forfeiture action, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action

---

[1] The Government's motion also references Supplemental Rule G(8)(c)(i)(B), which pertains to standing under Article III, but argues only that Manning has not met Supplemental Rule G(5)(a)(i)(C)'s verification requirements. *See* DE 22 at 1; DE 23 at 1, 3.

is pending." Supp. R. G(5)(a)(i). This claim must (A) identify the specific property claimed, (B) identify the claimant and state her interest in the property, (C) be signed by the claimant under penalty of perjury, and (D) be served on the government's attorney. *Id*. Courts strictly enforce compliance with the Supplemental Rules. *United States v. Borromeo*, 945 F.2d 750, 752 (4th Cir. 1991). Would-be claimants lack statutory standing to contest forfeiture until they satisfy Supplemental Rule G(5)'s filing requirements. *See United States v. Approximately 548.22 Pounds of Hemp*, No. 321CV00267FDWDCK, 2022 WL 412714, at *2 (W.D.N.C. Feb. 9, 2022) (unpublished) (collecting cases).

### B. Striking Claims under Supplemental Rule G(8)

The Government may challenge a claimant's compliance with Supplemental Rule G(5)'s strictures by moving to strike the claim under Supplemental Rule G(8)(c)(i)(A). Courts must resolve any such motion attacking standing before deciding a claimant's motion to dismiss the action. Supp. R. G(8)(c)(ii)(A). That said, courts should only strike a claim if convinced that the claimant should not be allowed an opportunity to cure the defect. *See* Supp. R. G(8)(c), Advisory Committee Notes (citing Fed. R. Civ. P. 15). Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit instructs that courts should generally give such leave unless amendment would unduly prejudice the opposing party, amount to futility, or reward bad faith. *See Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).

### III. Discussion

Manning has not filed a properly verified claim. The purported "Verified Claim of Michelle Manning" identifies her as a would-be claimant and states her interest in the Currency as required by Supplemental Rules G(5)(a)(i)(A) and (B). *See* DE 11 at 1–3; *see also* DE 29 at 8 ("The Verified Claim does in fact identify the specific property claimed and recognizes her interest in

3

the property."). Her attorney served this document on the Government as required by Supplemental Rule G(5)(a)(i)(D). *See* DE 11 at 3. Manning did not, however, sign this purported claim under penalty of perjury as required by Supplemental Rule G(5)(a)(i)(C). *See* DE 11 at 3 (including only counsel's signature).

The so signed "[v]erification" Manning attaches, DE 11 at 5, does not suffice. The Supplemental Rules mandate that Manning sign the claim stating her interest in the Currency under penalty of perjury. Supp. R. G(5)(a)(i)(C). This verification requirement acts as an essential safeguard against false claims. *See United States v. $104,250.00 in U.S. Currency*, 947 F. Supp. 2d 560, 564 (D. Md. 2013) (collecting cases "emphatically enforce[ing] the requirement that the claim be filed under oath"). Here, however, the only declaration Manning makes under penalty of perjury is that she has the authority to claim the Currency on behalf of Chanakira's estate as its administratrix. *See* DE 11 at 5. Asserting under penalty of perjury one's authority to make a claim is different from asserting a claim under penalty of perjury.

Put differently, Manning must set forth under penalty of perjury all the requisite identifications and statements in her claim. These include identifying the property, identifying herself as the claimant, and stating her interest in the property. *See* Supp. R. G(5)(a)(i)(A)–(B). Until she does so and serves this verified claim on the Government, Manning lacks standing to contest the forfeiture. Thus, the court denies without prejudice her motion to dismiss the Government's complaint [DE 12].

Enforcing compliance with the Supplemental Rules does not, however, require striking Manning's claim. She asks to amend this pleading, DE 29 at 8 n.5, and applicable commentary supports granting her leave to do so, *see* Supp. R. G(8)(c) Advisory Committee Notes (citing Fed. R. Civ. P. 15). Nothing before the court suggests Manning makes this request in bad faith. Nor

4
Case 5:20-cv-00667-M    Document 30    Filed 03/09/22    Page 4 of 5

does the record suggest amendment would be futile as Manning states an interest in the Currency. Likewise, amendment would not unduly prejudice the Government as Manning requests leave to verify assertions she already made. In the interest of justice, the court grants Manning's request and orders her to file an amended claim curing the defect no later than April 7, 2022.

The Government's motion to strike [DE 22] is thus denied without prejudice. Should Manning file an amended claim, the Government may serve special interrogatories under Supplemental Rule G(6) to gather additional facts bearing on standing and test Manning's relationship to the Currency. If necessary, the Government may move to strike Manning's amended claim for violations of Supplemental Rule G(5) or G(6). Should Manning fail to timely file an amended claim, the Government may move for an entry of default.

## IV. Conclusion

In sum, Manning has not established standing to contest the forfeiture. The court orders that Manning file an amended claim conforming with Supplemental Rule G(5)(a)(i)'s requirements by April 7, 2022. Thus, the court DENIES WITHOUT PREJUDICE Manning's motion to dismiss the Government's complaint [DE 12] and the Government's motion to strike Manning's claim [DE 22].

SO ORDERED this 8th day of March, 2022.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE